UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.                                                    No. 01-4553

TERRY KERMIT JOHNSON, a/k/a "T.J.",
              *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Malcolm J. Howard, District Judge.
(CR-98-289)

Submitted: February 26, 2002

Decided: March 20, 2002

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Tamura D. Coffey, Kevin B. Cartledge, WILSON & ISEMAN, L.L.P., Winston-Salem, North Carolina, for Appellant. Gretchen C.F. Shappert, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Terry Kermit Johnson appeals from his 120 month sentence for possession of cocaine with intent to distribute, in violation of 18 U.S.C.A. § 841(a) (West 1999 & Supp. 2001). Johnson contends that the evidence introduced at trial was insufficient to convict him because he was entrapped as a matter of law. He also argues that the district court erred in failing to reduce his sentence for his role as a minor participant in the conspiracy.

This Court must affirm the conviction if there is substantial evidence, when viewed in the light most favorable to the Government, to support the verdict. *Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence is substantial, this court inquires whether there is evidence sufficient to support a finding of guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996). Where the entrapment defense is presented to the jury and rejected, the jury's verdict should not be overturned unless no reasonable jury could have found that the government disproved either of the elements of the entrapment defense: predisposition to commit the crime or inducement to commit the crime. *United States v. Jones*, 231 F.3d 508, 516 (9th Cir. 2000).

In this case, the Government presented evidence tending to undercut both Johnson's claim of inducement and his claim of the absence of predisposition. Whether to credit this evidence or accept Johnson's conflicting testimonial evidence was a question for the jury. *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994). Accordingly, we affirm Johnson's conviction.

Regarding Johnson's challenge to his sentence, we review the district court's determination of a defendant's role in the offense for clear error. *United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998). As the record discloses that Johnson played an essential role in the conspiracy at issue, the lower court did not err in denying a downward departure adjustment under *U.S. Sentencing Guidelines Manual*, § 3B1.2 (2001). Accordingly, Johnson's sentence is affirmed. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*